UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joeffre Kolosky,                                    Civil No. 05-1350 (JRT/FLN)

       Plaintiff,

       v.

                                     **REPORT AND RECOMMENDATION**

State of Minnesota,
Fairview University Medical Center, and
AFSCME Council 6, Local 1164,

       Defendants.

_____

Joeffre Kolosky, <u>Pro Se</u> Plaintiff.
John Garry, for Defendant State of Minnesota.
H. Le Phan for Defendant Fairview University Medical Center.
Gregg Corwin, for Defendant AFSCME Council 6, Local 1164.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on December 2, 2005, on the Motion to Dismiss by the State of Minnesota [#8]; on the Motion to Dismiss by Fairview University Medical Center [#13]; and on the Motion to Dismiss by AFSCME Council 6, Local 1164 [#16]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, this Court recommends Defendants' Motions be granted.

## I. FACTUAL BACKGROUND

### A.    Plaintiff's Termination and Arbitration Proceeding

Plaintiff Joeffre Kolosky was previously employed by Defendant Fairview University Medical Center ("Fairview"), and represented by Defendant AFSCME Council 6, Local 1164 ("AFSCME"). <u>See</u> Complaint. Plaintiff's employment was governed by a Collective Bargaining

Agreement ("CBA") executed by Fairview and AFSCME.  Duchscherer Aff., Ex. A.  Fairview terminated Plaintiff from employment on January 28, 2000, for engaging in threatening conduct toward his supervisor and coworkers.

Shortly thereafter, Kolosky filed a grievance through AFSCME alleging that he had not been discharged for "just cause" and further alleging he was entitled to a medical leave of absence pursuant to the CBA.  The matter was submitted to arbitration and Arbitrator Gerald Wallin held a hearing on December 12, 2000.  He issued an Arbitration Award on March 5, 2001.  Phan Aff., Ex. C.  In the Award, Arbitrator Wallin found that Plaintiff had engaged in a pattern of threatening behavior with co-workers and supervisors.  Phan Aff., Ex. C.  Accordingly, he found that Plaintiff had been discharged for just cause and denied his grievance.

**B.      Plaintiff's 2001 Litigation Against Fairview**

On December 2, 2001, approximately nine months after receiving the Arbitration Award, Plaintiff filed a Complaint in Hennepin County District Court against Fairview (Kolosky v. Fairview University Medical Center, EM-01-19594), seeking to vacate the Award on the grounds that Fairview "misled the Arbitrator...manipulat[ed] the evidence, used false evidence and used a forged document."  Phan Aff., Ex. D.  On April 2, 2002, the Honorable Bruce Hartigan granted Fairview's motion to dismiss.  Judge Hartigan found that Plaintiff's claim was barred by the time limitations set forth in Minnesota Statute section 572.19, subd. 2, which provides that an application to vacate an arbitrator's award predicated upon fraud must be made within 90 days after such grounds are known or should have been known.  Phan Aff., Ex. F.  The court denied Plaintiff's motion for reconsideration in its entirety.  Phan Aff., Ex. G.  Plaintiff's appeal to the Minnesota Court of Appeals was dismissed as untimely.  Phan Aff., Ex. H.

### C.    Plaintiff's 2001 Litigation Against AFSCME

On December 6, 2001, Plaintiff filed a Complaint in Hennepin County District Court against AFSCME, alleging negligence, discrimination and conflict of interest in connection with the arbitration proceedings (Kolosky v. AFSCME, Local 1164, MC-01-19595).  He alleged that AFSCME was negligent because it refused to appeal the Arbitration Award and failed to give the arbitrator certain records.  He further alleged that AFSCME committed a fraud against him at the arbitration hearing.  Duchscherer Aff., Ex. D.  On July 3, 2002, the Honorable Cara Lee Neville granted AFSCME's motion to dismiss for failure to state a claim upon which relief could be granted.  The court held that Plaintiff could not state a claim for mere negligence against a union, and that he failed to allege any facts to support a finding of "substantial evidence of fraud, deceitful or dishonest conduct" as required by a breach of duty of fair representation claim.  Duchscherer Aff., Ex. E.  The court denied Plaintiff's two motions for reconsideration.  Duchscherer Aff., Exs. F, G.  Plaintiff appealed the ruling to the Minnesota Court of Appeals, which affirmed Judge Neville's order dismissing Plaintiff's complaint for failure to state a claim.   Duchscherer Aff., Ex. K.

### D.    Plaintiff's 2004 Litigation Against Fairview and AFSCME

On April 19, 2004, Plaintiff filed a joint action in Hennepin County District Court against Fairview and AFSCME, (Kolosky v. Fairview University Medical Center and AFSCME, Local 1164, EM-04-6513).  Plaintiff again sought to vacate the Arbitration Award, contending that he was defrauded from his contractual right to a medical leave of absence because Defendants gave false information to the medical examiner and arbitrator.  Phan Aff., Ex. I.  The court dismissed the case on the grounds that the lawsuit was barred on the principles of res judicata.  The Honorable Harry Crump further prohibited Plaintiff from filing additional lawsuits against Fairview or AFSCME

-3-

without the written approval of the Hennepin County Court. Phan Aff., Ex. J.  The Minnesota Court of Appeals, on May 10, 2005, affirmed Judge Crump's Order in its entirety.  Phan Aff., Ex. K. Plaintiff petitioned the Minnesota Supreme Court for further review.  That court dismissed his petition on June 28, 2005.  Phan Aff., Ex. L.

> **E.      The Instant Litigation**

Plaintiff filed the instant action in July 2005, claiming that Fairview and AFSCME denied him his contractual right to medical leave of absence under the CBA by committing fraud during the arbitration proceeding.[1]  Plaintiff also alleges that Fairview and AFSCME conspired with Judge Crump to deny him Equal Protection under the Fourteenth Amendment by seeking dismissal of his lawsuit against them.  He includes the State of Minnesota as a Defendant and seeks damages from the State based on his claim that the State participated in the alleged equal protection violation through the state district court and appellate court decisions in his previous lawsuits.

Defendants move separately to dismiss the Complaint.  AFSCME and Fairview argue that Plaintiff's claims are barred by res judicata.  The State argues that Plaintiff's claims should be dismissed because they are barred by the Eleventh Amendment and because Plaintiff fails to state a claim against the State under 42 U.S.C. section 1983.

## II.  LEGAL ANALYSIS

---

[1] Plaintiff also filed suit in this Court in May 2005 (Kolosky v. Fairview University Medical Center, 05-330 (JRT/FLN)), after the Hennepin County District Court denied his request to file a claim for short term disability benefits against Fairview.  On January 23, 2006 Judge Tunheim dismissed Plaintiff's May 2005 case because it was barred by the applicable statute of limitations and res judicata. Phan Aff. Ex. N.  Fairview represents that the instant action is actually Plaintiff's seventh action against it.  See Fairview Mem. p. 1.

### A.     Standard of Review

Defendants move to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  A cause of action should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 740 (8th Cir. 2002) (citations omitted).  In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts.  See Turner v. Holbrook, 278 F.3d 754, 757 (8th Cir. 2002).  For the purpose of a motion to dismiss, facts in the complaint are assumed to be true.  In re Navarre Corp. Sec. Litig., 299 F.3d 735, 738 (8th Cir.2002).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.  Neitzke v. Williams, 490 U.S. 319, 326-327 (1989).  To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions.  Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir.1998).

Pro se pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); Horsey v. Asher, 741 F.2d 209, 211 n.3 (8th Cir. 1984).  Although it is to be liberally construed, a pro se complaint must still contain specific facts to support its conclusions.  Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir.1981).

### B.     Eleventh Amendment Immunity

Plaintiff sues the State, presumably claiming that the State is liable for the actions of Hennepin County District Court Judge Crump.  Plaintiff alleges that Judge Crump was biased and should have recused himself from Plaintff's 2004 litigation because of a conflict of interest.  He alleges that Judge Crump conspired with AFSCME and Fairview to dismiss his case, and that they violated his equal protection rights.  See Complaint p. 6.  Plaintiff seeks damages as a result of Defendants' alleged equal protection violations.  See Complaint p. 10.

Plaintiff's claims against the State are barred by the Eleventh Amendment.  The Eleventh Amendment to the United States Constitution provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Supreme Court has interpreted the Eleventh Amendment to prohibit suits in federal court against unconsenting states.  Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 72 (1996).  Congress' enactment of 42 U.S.C. section 1983 did not override the states' Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332, 342 (1979).

The Eleventh Amendment's immunity encompasses certain actions against state agents and instrumentalities.  Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997).  A suit by a private party seeking to impose a liability that must be paid from the state treasury is barred by the Eleventh Amendment.  See Edelman v. Jordan, 415 U.S. 651, 663 (1974); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-02 (Eleventh Amendment proscription applies regardless of the nature of the relief sought – declaratory, injunctive or money damages); Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 464 (1945).

Here, Plaintiff filed suit against the State.  Absent state consent or congressional abrogation,

the Eleventh Amendment's jurisdictional bar prohibits Plaintiff from suing the State in federal court on any basis for any type of relief.  The State has not waived its Eleventh Amendment immunity from suit in federal court for claims such as those brought here.  See DeGidio v. Perpich, 612 F. Supp. 1383, 1388-89 (D. Minn. 1985) (the State of Minnesota's limited waiver of sovereign immunity from tort actions in state court is not a waiver of Eleventh Amendment immunity from suit in federal court for federal constitutional claims).  Neither has Congress abrogated this immunity. See Quern, 440 U.S. at 338-45.  Accordingly, the Eleventh Amendment deprives the Court of subject matter jurisdiction over Plaintiff's Complaint against the State.

Moreover, Plaintiff has no redress against the State pursuant to section 1983.  Section 1983 provides in part: Every person who, under color of [law], subjects...any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.  The State is not a "person" subject to suit under section 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997).  Therefore, Plaintiff has failed to state a section 1983 claim against the State and his claims against the State should be dismissed.

### C.      Res Judicata

Plaintiff's Complaint against Defendants Fairview and AFSCME is barred by the principles of res judicata.  The Full Faith and Credit Statute, 28 U.S.C. section 1738, requires that federal courts give state court judgments the same preclusive effect that such judgments would be given in the courts of the state rendering the judgment.  See Lommen v. City of East Grand Forks, 97 F.3d 272, 274 (8th Cir. 1996); see also Allen v. McCurry, 449 U.S. 90, 96 (1980).  Moreover, federal courts must look to the law of the state from which the judgment originated to determine the

preclusive effect of the judgment.  See Lommen, 97 F.3d at 274.

      The doctrine of res judicata bars the relitigation of claims already considered and determined in a prior action.  Demers v. City of Minneapolis, 486 N.W.2d 828, 830 (Minn. App. 1992).  The doctrine is grounded in the policy that a party "should not be twice vexed for the same cause, and that it is for the public good that there be an end to litigation."  Hauser v. Mealey, 263 N.W.2d 803, 807 (Minn. 1978); see also Beutz v. A.O. Smith Harvestore Prods., Inc., 431 N.W.2 528, 531 (Minn. 1988).

      In determining whether res judicata applies, the Court considers whether: 1) there was a final adjudication on the merits; 2) a subsequent suit involved the same cause of action; and 3) both suits involved identical parties or parties in privity.  Dixon v. Depositors Ins. Co., 619 N.W.2d 752, 755 (Minn. App. 2000).  If these requirements are met, res judicata bars not only claims as to matters actually litigated, but also to every matter that might have been litigated in the prior proceeding.  Care Inst., Inc. v. County of Ramsey, 612 N.W.2d 443, 447 (Minn. 2000);  Demers, 486 N.W.2d at 830  ("A judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privities, not only as to every matter which was actually litigated, but also to every matter which might have been litigated therein") (citation omitted).

      Here, all three elements are met and the application of res judicata is appropriate.  First, there was final judgments on the merits in all three state court actions against AFSCME and Fairview.  Hennepin County District Court dismissed all three of Plaintiff's suits pursuant to Minnesota Rule of Civil Procedure 12, and the dismissals were reviewed and upheld by the Minnesota Court of Appeals.  Under the Minnesota Rules of Civil Procedure, a judgment based upon an order for

dismissal constitutes a final adjudication on the merits.  See Lommen, 97 F.3d at 275; Minn. R. Civ.

P. 41.02(c); Ruple v. City of Vermillion, 714 F.2d 860, 862 (8th Cir. 1983) ("a judgment entered on

a motion to dismiss...[is] as binding as a judgment entered after a trial of the facts").

The second element is met because the current action is based on the same cause of action

as the state actions.  The test for determining whether two successive suits involve the same claims

is to inquire whether both actions arise from the "same nucleus of operative facts."  Id., citing

Anderson v. Werner Continental Inc., 363 N.W.2d 332, 335 (Minn. App. 1985).  In his 2001 state

court actions, Plaintiff alleged that Fairview and AFSCME used false evidence and misled the

arbitrator during the arbitration proceedings.  In his 2004 action, Plaintiff alleged that Fairview and

AFSCME defrauded  him of his right to medical leave under the CBA because Defendants gave

false information to the medical examiner and arbitrator.  Judge Crump dismissed the 2004 action

on res judicata grounds.

In the instant Complaint, Plaintiff alleges that the request by AFSCME and Fairview to

dismiss, and Judge Crump's dismissal, defrauded him of his right to medical leave under the CBA.

Complaint ¶¶ 10-11.  Plaintiff's factual allegations in the state court complaints are almost identical

to those alleged here.  The only difference is that, here, Plaintiff includes the additional claim that

Defendants' alleged fraudulent acts denied him the equal protection of the law.  Plaintiff cannot,

however, bring the same factual allegations under a new theory of liability.  See Nitz v. Nitz, 456

N.W.2d 450, 452 (Minn. App. 1990) (a change in theory cannot be used to avoid res judicata).  All

Plaintiff's suits stem from the arbitration proceeding and award.  Plaintiff presents no new facts or

evidence in support of his instant Complaint.  He is not allowed to continually litigate the same

basic claims under various theories of liability when those theories of liability could have been

alleged in the original action.  See Hauser v. Mealey, 263 N.W.2d 803, 807 (Minn. 1978) (plaintiff is not allowed to split his claims and bring successive suits involving the same set of facts). Plaintiff's instant cause of action arises from the "same nucleus of operative facts" as his previous state actions against Fairview and AFSCME.  The second element of res judicata is met.

The third element for the application of res judicata is met because Plaintiff's lawsuits involve the same parties.  Defendants AFSCME and Fairview were named in the prior state actions. Although Plaintiff has now added the State of Minnesota as a Defendant, the State is immune from such suit.  The inclusion of the State will not prevent this Court from dismissing Plaintiff's action against AFSCME and Fairview on res judicata grounds.  See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 329 (1971) (eradicating privity requirement for defensive uses of res judicata).

Plaintiff's action is identical to his state court actions against AFSCME and Fairview.  Since this federal action is based on claims that have been finally decided on their merits, and involves the same cause of action and same parties, Plaintiff's claim is barred by the principles of res judicata. The motions by AFSCME and Fairview to dismiss should be granted.

### D.      Prohibition from Additional Litigation Against AFSCME and Fairview

This lawsuit is Plaintiff's third suit against Defendants AFSCME and Fairview regarding his medical leave of absence and the arbitration proceeding.  Accordingly, the Court recommends that an order be entered prohibiting Plaintiff from commencing further lawsuits against Fairview and AFSCME unless Plaintiff is represented by counsel or obtains prior written authorization from a United States Magistrate Judge.  See e.g., Kolocotronis v. Morgan, 247 F.3d 726 (8th Cir. 2001); Sassower v. Carlson, 930 F.2d 583 (8th Cir. 1991) (ordering that, in light of plaintiff's history of

frivolous and vexatious litigation, plaintiff was enjoined from filing any civil action in the United States District Court, District of Minnesota, without first obtaining leave of that court).

## III.  RECOMMENDATION

Based on the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1)    The Motion by the State of Minnesota to Dismiss [#8] be **GRANTED;**

2)    The Motion by Fairview University Medical Center to Dismiss [#13] be **GRANTED;**

3)    The Motion by AFSCME Local 1164 to Dismiss [#16] be **GRANTED;** and

4)    The Court enter an Order prohibiting Plaintiff from filing additional lawsuits against Fairview and AFSCME unless he is represented by counsel or obtains prior written approval from a United States Magistrate Judge.


DATED: January 25, 2006                    s/ *Franklin L. Noel*
                                           FRANKLIN L. NOEL
                                           United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 10, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **February 10, 2006** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.