**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| JOEFFRE KOLOSKY, | Civil No. 05-1350 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| STATE OF MINNESOTA, FAIRVIEW UNIVERSITY MEDICAL CENTER, AND AFSCME COUNCIL 6 LOCAL 1164, | |
| Defendants. | |

Joeffre Kolosky, 3308 Sunset Lake Drive, Burnsville, MN 55337, plaintiff *pro se*.

John S. Garry, Assistant Attorney General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, Suite 1100, 445 Minnesota Street, Suite 1100, Saint Paul, MN 55101, for defendant State of Minnesota.

Lee A. Lastovich and H. Le Phan, **FELHABER, LARSON, FENLON & VOGT, P.A.**, 220 South Sixth Street, Suite 2200, Minneapolis, MN 55402, for defendant Fairview University Medical Center.

Gregg M. Corwin, **GREGG M. CORWIN & ASSOCIATES LAW OFFICE, PC**, 1660 South Highway 100, Suite 508, Saint Louis Park, MN 55416, for defendant AFSCME Council 6 Local 1164.

Plaintiff brings this action, alleging that defendants deprived him of his constitutional right to the equal protection of laws by failing to provide him medical leave under a Collective Bargaining Agreement.  Following a hearing, United States Magistrate

Judge Franklin L. Noel recommended granting defendants' Motions to Dismiss in a Report and Recommendation dated January 25, 2006, to which plaintiff has objected. The Court has conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b), and for the reasons set forth below, overrules plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Plaintiff Joeffre Kolosky was previously employed by defendant Fairview University Medical Center ("Fairview"), and represented by defendant AFSCME Council 6, Local 1164 ("AFSCME"). Plaintiff's employment was governed by a Collective Bargaining Agreement ("CBA") executed by Fairview and AFSCME. Fairview terminated plaintiff from employment on January 28, 2000, for engaging in threatening conduct toward his supervisor and coworkers. Shortly thereafter, plaintiff filed a grievance through AFSCME, alleging that he had not been discharged for "just cause" and further alleging he was entitled to a medical leave of absence pursuant to the CBA. The matter was submitted to arbitration, and after a hearing on December 12, 2000, the arbitrator denied plaintiff's grievance, finding that plaintiff had been terminated for just cause because he had engaged in a pattern of threatening behavior with co-workers and supervisors.

On December 2, 2001, approximately nine months after receiving the arbitration award, plaintiff filed a complaint in Hennepin County District Court against Fairview

seeking to vacate the award on the grounds that Fairview "misled the arbitrator . . . manipulat[ed] the evidence, used false evidence and used a forged document."   On April 2, 2002, the Hennepin County District Court granted Fairview's motion to dismiss, finding that plaintiff's claim was barred by the time limitations set forth in Minn. Stat. § 572.19, subd. 2, which provides that an application to vacate an arbitrator's award predicated upon fraud must be made within 90 days after such grounds are known or should have been known.   The court denied plaintiff's motion for reconsideration in its entirety.   Plaintiff's appeal to the Minnesota Court of Appeals was dismissed as untimely.

On December 6, 2001, plaintiff filed a complaint in Hennepin County District Court against AFSCME, alleging that AFSCME was negligent and committed fraud against him at the arbitration hearing.   On July 3, 2002, the Hennepin County District Court granted AFSCME's motion to dismiss for failure to state a claim upon which relief could be granted.   The court held that plaintiff could not state a claim for mere negligence against a union, and that he failed to allege any facts to support a finding of "substantial evidence of fraud, deceitful or dishonest conduct" as required by a breach of duty of fair representation claim.   The court denied plaintiff's two motions for reconsideration. Plaintiff appealed the ruling to the Minnesota Court of Appeals, which affirmed the district court order dismissing plaintiff's complaint for failure to state a claim.

On April 19, 2004, plaintiff filed an action in Hennepin County District Court against Fairview and AFSCME.   Plaintiff again sought to vacate the arbitration award, contending that he was defrauded from his contractual right to a medical leave of absence because defendants gave false information to the medical examiner and arbitrator.   The

court dismissed the case on the grounds that the lawsuit was barred on the principles of res judicata, and prohibited plaintiff from filing additional lawsuits against Fairview or AFSCME without the written approval of the Hennepin County District Court.  The Minnesota Court of Appeals, on May 10, 2005, affirmed the district court order in its entirety.  Plaintiff petitioned the Minnesota Supreme Court for further review, but that court dismissed his petition on June 28, 2005.

Plaintiff filed the instant action in July 2005, claiming that Fairview and AFSCME denied him his contractual right to medical leave of absence under the CBA by committing fraud during the arbitration proceeding.  Plaintiff also alleges that Fairview and AFSCME conspired with the Hennepin County district judge to deny him equal protection under the Fourteenth Amendment by seeking dismissal of his lawsuit against them.  He includes the State of Minnesota as a defendant and seeks damages from the State based on his claim that the State participated in the alleged equal protection violation through the state district court and appellate court decisions in his previous lawsuits.

## ANALYSIS

### I.   PLAINTIFF'S CLAIMS AGAINST THE STATE OF MINNESOTA

Plaintiff sues the State, presumably claiming that the State is liable for the actions of the Hennepin County District Court.  Plaintiff alleges that the district judge conspired with AFSCME and Fairview to dismiss his case, and that all defendants violated his

equal protection rights.  Plaintiff seeks damages as a result of defendants' alleged equal protection violations.

The Magistrate Judge recommended, and the Court agrees, that plaintiff's claims against the State are barred by the Eleventh Amendment.  Absent state consent or congressional abrogation, the Eleventh Amendment prohibits suits in federal courts against states. *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 72 (1996).  The State has not waived its Eleventh Amendment immunity from suit in federal court for claims such as those brought here. *See DeGidio v. Perpich*, 612 F. Supp. 1383, 1388-89 (D. Minn. 1985).  Further, 42 U.S.C. § 1983 did not abrogate the states' Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 338-45 (1979); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (holding that it is "well settled" that the Eleventh Amendment bars a plaintiff's § 1983 equal protection claims for damages against a State).

## II.    PLAINTIFF'S CLAIMS AGAINST FAIRVIEW AND AFSCME

Plaintiff sues defendants Fairview and AFSCME, alleging that they conspired to deprive him of his equal protection rights, and that he was wrongfully denied his right to medical leave under the CBA.  The Magistrate Judge recommends, and the Court agrees, that plaintiff's claims against Fairview and AFSCME are barred by the doctrine of res judicata.

Res judicata prohibits relitigation of claims where: (1) a court of competent jurisdiction rendered a prior judgment; (2) the prior judgment was final and on the merits;

and (3) both cases involved the same cause of action and parties.  *Canady v. Allstate Ins. Co.*, 282 F.3d 1005, 1014 (8ᵗʰ Cir. 2002).  Res judicata applies both to claims and defenses that were included in the first action and to matters that could have been brought in the first action or were based on the same set of operative facts.  *Nevada v. United States*, 463 U.S. 110, 129-130 (1983).

Here, all three elements are met.  First, there were final judgments on the merits in all three state court actions against AFSCME and Fairview.[1]  The Hennepin County District Court dismissed all three of plaintiff's lawsuits pursuant to Minnesota Rule of Civil Procedure 12, and the dismissals were reviewed and upheld by the Minnesota Court of Appeals.

Second, the current action is based on the "same nucleus of operative facts" as the state actions.  *Lane v. Peterson*, 899 F.2d 737, 742 (8ᵗʰ Cir. 1990).  In his 2001 and 2004 state court actions, plaintiff alleged that Fairview and AFSCME used false evidence and misled the arbitrator to defraud him of his right to medical leave under the CBA.  Indeed, the Hennepin County District Court dismissed the 2004 action based on res judicata.  In the instant complaint, plaintiff again alleges that defendants defrauded him of his right to medical leave under the CBA.  Plaintiff's factual allegations in the state court complaints are almost identical to those alleged here, and he presents no new facts or evidence in support of his instant Complaint.

---

[1]   Under the Minnesota Rules of Civil Procedure, a judgment based upon an order for dismissal constitutes a final adjudication on the merits.  *See* Minn. R. Civ. P. 41.02(c); *Lommen v. City of East Grand Forks*, 97 F.3d 272, 274 (8ᵗʰ Cir. 1996).  Federal courts give state court judgments the same preclusive effect that such judgments would be given in the courts of the state rendering the judgment.  *Id.*; 28 U.S.C. § 1738.

Third, plaintiff's lawsuits involve the same parties.   Although plaintiff has now added the State of Minnesota as a defendant, the State is immune from such suit, and the only two remaining defendants, AFSCME and Fairview, were both named in the prior state actions.

## III.   PLAINTIFF'S OBJECTION

Plaintiff raises no new arguments or allegations in his objection, but reiterates his claim that Fairview and AFSCME defrauded him of his right to medical leave under the CBA.   These allegations have previously been addressed and rejected.   Therefore, the Court finds that the Eleventh Amendment warrants dismissal of plaintiff's claims against the State of Minnesota, and that plaintiff's claims against Fairview and AFSCME are barred by res judicata.

## IV.   PROHIBITION FROM ADDITIONAL LITIGATION AGAINST AFSCME AND FAIRVIEW

This lawsuit is plaintiff's third case against AFSCME and Fairview regarding his medical leave of absence and the arbitration proceeding.   Accordingly, the Court prohibits plaintiff from commencing further lawsuits against Fairview and AFSCME unless plaintiff is represented by counsel or obtains prior written authorization from a United States Magistrate Judge.   *See*, *e.g.*, *Sassower v. Carlson*, 930 F.2d 583 (8th Cir. 1991) (ordering that, in light of plaintiff's history of frivolous and vexatious litigation, plaintiff was enjoined from filing any civil action in the United States District Court, District of Minnesota, without first obtaining leave of that court).

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 33] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 32]. Accordingly, **IT IS HEREBY ORDERED** that:

1.     Defendant State of Minnesota's Motion to Dismiss [Docket No. 8] is **GRANTED**;

2.     Defendant Fairview University Medical Center's Motion to Dismiss [Docket No. 13] is **GRANTED**;

3.     Defendant AFSCME Council 6, Local 1164's Motion to Dismiss [Docket No. 16] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff is prohibited from filing additional lawsuits against Fairview and AFSCME unless he is represented by counsel or obtains prior written approval from a United States Magistrate Judge.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:    March 22, 2006                          s/ John R. Tunheim_____
at Minneapolis, Minnesota.                       JOHN R. TUNHEIM
                                                 United States District Judge