# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JOEFFRE KOLOSKY, | Civil No. 05-1350 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER** |
| STATE OF MINNESOTA, FAIRVIEW UNIVERSITY MEDICAL CENTER, AFSCME COUNCIL 6 LOCAL 1164, | |
| Defendants. | |

Joeffre Kolosky, 3308 Sunset Lake Drive, Burnsville, MN 55337, plaintiff *pro se*.

John S. Garry, Assistant Attorney General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1100, Saint Paul, MN 55101, for defendant State of Minnesota.

Lee A. Lastovich and H. Le Phan, **FELHABER, LARSON, FENLON & VOGT, P.A.**, 220 South Sixth Street, Suite 2200, Minneapolis, MN 55402, for defendant Fairview University Medical Center.

Gregg M. Corwin, **GREGG M. CORWIN & ASSOCIATES LAW OFFICE, PC**, 1660 South Highway 100, Suite 508, Saint Louis Park, MN 55416, for defendant AFSCME Council 6 Local 1164.

## BACKGROUND

In an Order dated March 22, 2006, this Court dismissed plaintiff's claims against defendants. The Court found that plaintiff's claims against the State of Minnesota were barred by the Eleventh Amendment, and that plaintiff's claims against the remaining

defendants, Fairview University Medical Center ("Fairview") and AFSCME Council 6, Local 1164 ("AFSCME"), were barred under the doctrine of res judicata.  Plaintiff has now filed a motion to reconsider or to set aside the Court's March 22, 2006 Order.

**ANALYSIS**

**I.     Request to Reconsider**

A motion to reconsider under Local Rule 7.1(g) is the "functional equivalent" of a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  *DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir. 1999).  Requests to file such motions are granted "only upon a showing of compelling circumstances."  D. Minn. LR 7.1(g); *Transclean Corp. v. Bridgewood Servs., Inc.*, 134 F. Supp. 2d 1049, 1060 (D. Minn. 2001).  A motion to reconsider should not be employed to relitigate old issues, but to "afford an opportunity for relief in extraordinary circumstances."  *Dale & Selby Superette & Deli v. United States Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

As an initial matter, the Court notes that plaintiff has not complied with the requirements of Local Rule 7.1(g).  Under Local Rule 7.1(g), motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of "compelling circumstances."  Requests to make such a motion, and responses to such requests, shall be made by letter to the Court of no more than two pages in length, a copy of which must be sent to opposing counsel.  Plaintiff failed to comply with Local Rule 7.1(g) by failing to file a letter requesting permission to file his motion to reconsider.

However, even if the Court were to address plaintiff's motion to reconsider on the merits, the Court would deny the motion.  The Court's March 22, 2006 Order clearly explained the Court's reasons for dismissing plaintiff's claims, and was not erroneous as a matter of law.  Plaintiff's current arguments appear to seek nothing more than "a second bite at the apple," something the rules prohibit, and accordingly, fails to demonstrate the "compelling circumstances" necessary to justify a motion to reconsider.  *See* D. Minn. LR 7.1(g).

## II.   Motion Set Aside Order Under Rule 60(b)

Under Federal Rule of Civil Procedure 60, a party may move for relief from a judgment on two grounds.[1]  The first, relief from judgment for a clerical mistake, is not at issue here.  The second, under which plaintiff presumably brings this motion, provides that

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  The Court finds that none of those circumstances are present here.  Notably, plaintiff has not identified any newly discovered evidence, and plaintiff's arguments in support of his motion to reconsider were raised, and rejected, in the Court's

---

[1] Although plaintiff captioned this motion as a "motion to amend the order," the Court will construe the motion as a motion to set aside under Federal Rule of Civil Procedure 60.

- 4 -

March 22, 2006 Order. The Court need not revisit plaintiff's arguments here. *See Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980) (Rule 60(b) not a substitute for appeal). Therefore, his motion for relief from the judgment is denied.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that plaintiff's Request to Reconsider and Motion to Amend Order [Docket No. 40] is **DENIED**.

DATED: May 11, 2006                                s/John R. Tunheim
at Minneapolis, Minnesota.                       JOHN R. TUNHEIM
                                                                United States District Judge